UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY SANDERS,

                Petitioner,                  Case No. 1:08-cv-99

v.                                         Honorable Richard Alan Enslen

CARMEN PALMER,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the petition be dismissed without prejudice for failure to exhaust available state-court remedies.

## Discussion

I.    <u>Factual allegations</u>

Petitioner Anthony Sanders presently is incarcerated with the Michigan Department of Corrections and housed at the Deerfield Correctional Facility.  He currently is serving two consecutive terms of imprisonment: one for two years and one for 21 months to 72 months.  The sentences were imposed by the Jackson County Circuit Court on December 1, 2005, after a jury found Petitioner guilty of the respective charges of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b(a), and possession with intent to distribute less than five kilograms of marijuana, 333.7401(2)(D)(iii).

Petitioner appealed his convictions to the Michigan Court of Appeals, raising two issues: (1) whether the sentencing court abused its discretion in calculating his sentencing guidelines by finding him a leader in the criminal transaction; and (2) whether the sentencing court engaged in improper judicial factfinding in violation of the Sixth and Fourteenth Amendments, under *Blakely v. Washington*, 542 U.S. 296 (2004).  In an unpublished decision issued December 21, 2006, the court of appeals affirmed the convictions and sentences.  Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on October 3, 2007.

In a habeas petition filed on or about January 4, 2008,[1] Petitioner raises the following grounds for habeas corpus relief:

I.    Defendant's sentence violated his right to trial by jury by departing from sentencing Guidelines.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  Petitioner dated his application on January 4, 2008, and it was received by the Court on January 29, 2008.  Thus, it must have been handed to prison officials for mailing at some time between January 4 and January 29.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date, though the Court makes no final determination of when Petitioner actually handed the signed petition to prison authorities.

II.    Trial Court improperly engaged in Judicial Fact-finding by determining defendant was a Leader in a multiple offender set-up.

III.   Invalid Use of HABITUAL ENHANCEMENT.

(Pet. at 5-6.)

II.    <u>Exhaustion of State Court Remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

According to the allegations of the complaint, Petitioner exhausted the first two grounds by raising them on direct appeal in both the Michigan Court of Appeals and the Michigan

Supreme Court.  The third ground for habeas relief, however, involves allegations that he was never given notice that he was being charged as a third habitual offender.  The argument was not raised to or decided by the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*.  Under Michigan law, one such motion may be filed after August 1, 1995.  M.C.R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year  limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on October 3, 2007.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on January 3, 2007.   Accordingly, Petitioner has one year, until January 3, 2009, in which to file his habeas petition.

Because Petitioner appears to have some claims that are exhausted and some that are not, his application ordinarily must be dismissed as a mixed petition.  *Rose v. Lundy*, 455 U.S. 509 (1982).  In  *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district

court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 125 S.Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner has substantially more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be dismissed for failure to exhaust state court remedies.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  March 7, 2008                                   /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).